Peter Afrasiabi on behalf of Charlie Trademarks. Your Honors, the issue here, as with the issue below, I think is really a very, very, very narrow one. It's one that, it's really sort of a light switch type issue. The issue isn't an issue that requires discretion or is susceptible to sort of discretion and factual findings. It's simply, are there two people, two beings, or was there one? That's it. And we are here because the assertion was made that Charlie Trademarks was a DBA. And last time we were here, it was contended that the attorney declaration giving the two registered certificates of the companies was hearsay and unauthenticated. So we went back to analyze just that question. The question isn't whether they're alter egos, which is sort of the root of the opposition and the district court's analysis. And so below on remand, we gave the declaration of late, Simon Late. And Simon Late's declaration alone, forget about the exhibits he attached, but just the factual statements that he averred as a witness under penalty of perjury on the basis of personal knowledge, his personal knowledge being he's a director of both companies. That established that there are two beings. And once you establish that there are two beings, all we are saying is we have to halt the process. You can't have a judgment against a separate being on the theory that it's a DBA when it's not a DBA. And the late declaration is the beginning, the middle, and the end of that very, very narrow analysis. And the problem I think that was occasioned is that Mr. Late's declaration wasn't addressed by the trial court, by the district court. And instead, the focus was on will each of these companies use similar e-mail addresses, same addresses, all of which is true. I can embrace that. And I accept that for purposes of this appeal, that, yeah, they use the same e-mail address, the same way two people may use the same e-mail address. But it doesn't make them aliases of each other. And so that is stuff that may or may not go to alter ego. And I don't think it does. And it's never even been procedurally or substantively charged in this case that Charlie Trademarts is an alter ego. So that even itself under Federal or State law, as we've outlined in the briefs, wouldn't be sufficient. But that analysis is the wrong analysis. The analysis is simply do we have two entities or not. And the Late declaration, I think, answers that question dispositively. And your client is seeking to intervene to have its name stricken from the judgment. It's not an alias. Correct. In your briefing, you also in the alternative seek to vacate the judgment. I may be with you on the first ground, but I don't understand why your client, a legally separate entity, should be intervening to vacate a judgment assuming it no longer names your client. Well, once my client is removed from the judgment, it certainly has no interest. The point we were making is that this judgment is before this Court. You're looking at it. And it facially violates the Copyright Act. I mean, a plaintiff can't get statutories and actuals. You've got to elect. And so if it's up here and it's going to be sent back, that was the only point. It's particularly important if it's to be applied against a being who hasn't been served and isn't an alter ego or hasn't proven to be an alter ego. How can it be subjected to a judgment that's facially violative of the Copyright Act? That was the only point. But the only remedy my client seeks, Charlie Trademarks, wants to be removed from the judgment because that judgment has then occasioned proceedings in Pennsylvania to put a freeze on its domain names and its assets. And so we simply want to be removed from a judgment because Charlie Trademarks is a distinct name. It's that narrow, Your Honors. I have nothing else to offer unless the Court has any questions. Thank you. Good morning, Your Honors. May it please the Court. Attorney Ken James Krayeski, honored and humbled to be here on behalf of Plaintiff Appellee Betty Harris Clemens. And while I may disagree with opposing counsel that this is a very narrow issue, we think the heart of this is whether or not Judge Covello followed the mandate. And the opposing counsel has argued that Judge Covello didn't follow the mandate, and they're asking for a hearing and things like that. And what we think is that Judge Covello's ruling, unusual and perfunctory in its short scope, should be upheld. The review should be deferential because Judge Covello is the one on the ground. Judge Covello is the one who is directly in front of this Court. And the Charlie Trademarks is hanging its hat on Simon Late's affidavit, which Ms. Harris Clemens down below took apart as not being factually correct. And Judge Covello didn't address the affidavit. And I don't think that he should have to because there's one sentence at the end of the affidavit where Mr. Late not only speaking as a defaulted party, speaking as a board member of a defaulted party when he's speaking on behalf of Charlie Acquisitions Limited, he says, I don't even know why Charlie Acquisitions Limited is in this case. In my brief, I spent a lot of time with discovery that went back and forth between Sony and Ms. Harris Clemens at the outset when Sony was a party and when Sony did in fact waive service of process and when Sony did file an appearance and when Sony did give us 26A. And then we filed an amended complaint and then Sony filed an answer. It's document 31. It's dated October 17, 2012. And in Sony's answer, Sony very clearly says in paragraph 12, we negotiated a license with Charlie Acquisitions Limited. Then in paragraph 22, Sony says we refused to make any payments until the dispute between Betty Harris Clemens and Charlie Acquisitions Limited over the nickel apiece royalties from Ms. Aguilera's CD is settled. And Sony admitted that it put funds in the sample account. And in paragraph 24 of Sony's answer, it says Sony has no stake in it. So we got a judgment of interpleader with Judge Covello. Judge Covello gave a final judgment of interpleader. Sony paid $170,000 plus into the clerk of the court down below based on Sony's answer. Now comes Simon Late years later from a defaulted party saying, I don't understand any of this. I don't understand why Charlie is even here. And Judge Covello has the discretion to sit here and say, wait a second, you're attempting as a defaulted party to speak on behalf of both Charlie Trademarks and Charlie Acquisitions and undermine the legal framework of this entire case saying, well, Charlie Acquisitions never even staked a claim to this. Whereas Sony said, no, no, no, no. We negotiated with Charlie Acquisitions, and that is why they're here. And now Simon Late comes on remand without a clean slate because the last time that Charlie was here this is a very scant record. This is thin. And the mandate from the Second Circuit was very clear and said there's not enough here. You're talking about the justification for a suit and a judgment against Charlie Acquisitions. No. We're talking about, or at least I am concerned, with why a judgment was entered against Charlie Trademarks, which was not named in the complaint, which was never served, and which then was added to the judgment because of your representation that, oh, that's just another name for Charlie Acquisitions. And the district court apparently came to the conclusion based on nothing other than that, that this is just a name, another name of Charlie Acquisitions. And we then remanded for a determination whether Charlie Trademarks had a separate entity. And the district judge said, no, they're not a separate entity because they use the same address, essentially. Why is Charlie Trademark subject to this judgment? And why shouldn't Charlie Trademark be heard, be allowed to intervene in the district court, for a proper determination whether there's any basis for a judgment against it? The court's mandate, this court's mandate said, the district court is directed to afford CTL an opportunity to prove those assertions about its corporate status through valid evidence, such as a properly authenticated certificate of incorporation. There's no properly authenticated certificate of incorporation. And in page 6 of Judge Covello's rule ---- Did the district court reach a conclusion that Charlie, that CT is an alter ego? He said, furthermore, the court concludes that the certificates of renewal and the certificates of transfer are insufficient in light of the surrounding facts to establish CT as a separate legal entity from CA for purposes of CT's motion to intervene. The facts were that they use the same address, essentially. Well, I think there are ---- he didn't address Mr. Late's affidavit, which means that he's not taking those into consideration. I think we can infer from his silence on the matter that he's not going to listen to it. He's not going to sit there and say, I'm not going to accept a sworn statement from a defaulted party that's trying to also talk about a proposed intervener talking ---- this one document using for two purposes. Yes, I understand if I'm misunderstanding the record. But that affidavit veers that Mr. Late is on the board of two separate companies. And it includes not a certificate of incorporation, but that's one way you can establish your separate corporate identity. It includes additional certificates from Nevis, additional evidence. And we sent the matter back so that your adversary could show that he was representing a separate corporate entity. It seems to me you're arguing today that any rational person would say that the corporate veil should be pierced. But that's not the issue that's before us. I'm not suggesting that the corporate veil should be pierced. What we're suggesting is these documents aren't properly authenticated. These documents ---- and Judge Covello has the discretion, and it's not an abuse of his discretion, to look at this affidavit and say, I don't trust these documents. I don't trust that this affidavit that's before me is actually presenting admissible evidence that I can rule on. And he said, look, he is ---- Charlie Trademarks is not coming back to Judge Covello with a clean slate. He'd already ruled on it once, came up here. The Second Circuit sent it back down to him, and he looked at additional evidence and said this isn't enough. We asked down below there, Ms. Harris-Clemons said, show us distinct documents showing more than certificates from Nevis, bank records, boards of directors' memberships, things like that. Mr. Late averse in his affidavit. The judgment is against a corporation named Charlie Trademarks. Isn't that right? We don't know that it's a corporation. Does the judgment say that it applies to Charlie Trademarks Limited or whatever? Yes. The judgment names Charlie Trademarks Limited.  We don't know that they're a corporation. You don't have a judgment against a name. You don't have a judgment against a trademark because a trademark doesn't own anything. The judgment purports to make the judgment collectible against a company named Charlie Trademarks Limited. But what we're saying is we don't know that they're a company. They haven't shown that they're a company. And Judge Covello is responding to the fact that they haven't given him sufficient evidence that this isn't actually a company. How do we know that the documents from Nevis are real? There's no apostille. A name doesn't own anything. A name is just a name. It doesn't own anything. You can't collect something from a name. If you want to consent to amend the judgment so that it is clear that the only company against which it applies is Charlie Acquisitions and that it doesn't apply against Charlie Acquisitions no matter what name it may use, but that it doesn't apply against a company named Charlie Trademarks, that would be a different matter. If that's what you're saying, then let's get that done. I don't think that's what I'm saying. I think that we're saying that the judgment is against all of these entities because what they're trying to do is – in this case, letters from previous counsel when this dispute was established that, say, Charlie promised my client decades of litigation around the globe, and this is what she's getting as she's trying to collect on her. She wants royalty statements. She wants things showing why they claim a right. And then Simon Lake comes before Judge Covello and says, no, not only that, I have no idea why Charlie Acquisitions is involved, yet we produced for this court and for Judge Covello emails showing Simon Lake involved in the negotiations over the rights for Ms. Harris' song to Christina Aguilera. So Judge Covello looks at that affidavit and says, I don't believe this. I believe Sony. Sony has been here. Sony has been a good-faith litigant. Sony put all these documents forward. Sony showed us what's happening. Sony put enough in front of us to show a judgment of interpleader is appropriate, and now comes Charlie Trademarks and Charlie Acquisitions trying to undermine the original judgment of interpleader from 2013. Are you telling us that if there is a separate corporation in existence called Charlie Trademarks, Charlie Trademarks Limited, if such a corporation exists, you are not trying to collect anything from it and you are not contending that the judgment entitles you to collect anything from that corporation. You're only entitled to collect from Charlie Acquisitions, which may have used the name Charlie Trademark from time to time. Is that what you're saying? No, if there's a separate corporation named Charlie Trademarks. Are you saying then that it is not your intent in this lawsuit and you are not seeking to collect this judgment against any corporation that is named Charlie Trademarks? You're only seeking to collect against a corporation that goes by the name of Charlie Acquisitions, that that is its name, but which might have used other names, including Charlie Trademarks, from time to time. Is that what you're asking? Yes. We're saying that Charlie Acquisitions uses Charlie Trademarks, and because of that, we get to collect against anything that has Charlie Trademarks' name in it. I don't think that's what it is. Okay. Okay. Your Honors, Judge Covello has been watching this litigation for a long time, and we believe that he's entitled to a deferential review because of his approach to the facts. He's seen all of these facts, and he's sitting here saying whoever these people are coming to him have not put forward facts that he believes, and he doesn't have to believe those facts, and he can rule based on that. Thank you. I'll just make really two very, very brief points. I don't think you can look at the district judge's order and say that the district judge made an adverse credibility finding against the affidavit and just decide. Even if you're separate, you could still be subject to the claim that you didn't pursue any corporate formalities and that you truly are an alter ego of Charlie Acquisitions, right? They could absolutely bring that claim. The question here, so as I understand it, I mean, I'm new to the case as opposed to my two colleagues, but as I understand it, the question that appears to have been sent back was the separateness in a corporate existence context as opposed to some kind of piercing the corporate veil alter ego context, which is a later question. One hundred percent. Whether the assets of Charlie Acquisitions held in the name of Charlie Trademarks are really Charlie Acquisition assets. One hundred percent, Your Honor. Alter ego hasn't been pled, alleged, sought. That is a separate issue from the simple trademark alias question. I'm curious. I haven't been a federal judge forever, as long as some of my colleagues on the bench here, but is this unusual where you amend a judgment to add people to the judgment after the initial default occurs? I've been practicing law for over 44 years. This is the first time I've ever seen this occur. I wish I'd known about it back when I was doing bank work. It would have made life a lot easier for me. Well, Your Honor, it's the first time I've seen it too, and it's a fantastic vehicle if you can get a default judgment against someone and then just claim everyone in the world is an alias and then throw the burden on them when they show up to disprove something. I have never seen it. I've only ever seen judgments amended by the party with the judgment coming to the court and saying, I have a judgment against Corporation 1. I can prove they're an alter ego of 2, and I want to now make my case, and that becomes a merits-contested factual issue with evidence and all that. Alias is a light switch question. This is super narrow. Is it an alias? Is it not? And once it shows up with this declaration, it's a distinct company. I mean, he's a director of both, and he explains we have separate bank accounts. This comes in the context of motion to intervene. Did you consider the prospect of simply commencing an act when the judgment was domesticated in Pennsylvania where your client has domains and assets? Did you consider the prospect of simply challenging the legitimacy of the judgment as it applied to you based upon the fact that it was a default judgment and there had been no litigation ever with regard to your liability? Well, not in Pennsylvania, Your Honor, because the concern was this is a judgment from the District of Connecticut. And so if the judgment is to be voided as against this new entity, Charlie Trademarks, our concern was we have to go back to the source, which is the court that issued it, and just go back to the court and say, hey, you made a mistake. It's no fault on you, District Judge. We happen to not be an alias. So let's undo it because that's the sort of the spring from which everything comes. And so once I get that, I can then go to Network Solutions. I can go to Pennsylvania and get it out. You moved to intervene. You also moved on to Rule 59 and Rule 60, right? Correct. All right. Your Honors, I would ask finally that the court remand it, but I would ask also that the court remand it with directions. Given this record, there isn't a need for further hearings and then risk of perhaps repeat and mistake. I would simply ask the court to order, based on your footnote 4, that given this record, they are – Charlie Trademarks is not an alias, and the judgment now needs to be amended to remove it. Upon that, we would see. Remove it? To remove Charlie Trademarks from the judgment. Why would it do that? Because the premise of the liability is ultimately alter ego as opposed to – Well, no. Therefore, you'd get to appear perhaps and then litigate the alter ego issue, wouldn't you? If they choose to plead alter ego, we will then litigate the issue. But what I'm saying right now is the judgment has to be amended. You're saying that you're asking us to strike Charlie Trademarks from the judgment. Correct. On the grounds that Charlie Trademarks was not named in the complaint. Correct. And was not served. Correct. And that there was no justification for amending the judgment to make the judgment collectible against a corporation called Charlie Trademarks that was never involved in the litigation. Correct. That the judgment can be collected against Charlie Acquisitions, regardless of whether Charlie Acquisitions used the name Charlie Trademarks or used the name Banana Boat Republic. No matter what names it's used, the judgment is properly collected against a corporation whose name is Charlie Acquisitions, but not against a corporation that was never sued and never named in the complaint, never served, never involved until after the judgment when the district court amended the default judgment to add it. Correct, Your Honor. So you'll leap to another day when they go after you as an alter ego in the litigation when they seek to enforce the judgment against Charlie Acquisitions claiming that you're the alter ego of it, and they seek to enforce the judgment against you in Pennsylvania. You're willing to buy another rounded court, huh? Of course. Charlie Trademarks voluntarily appeared in this action. So if they had wanted to allege alter ego, they could. They're distinct companies, so we can have a fight about alter ego if they choose. All I'm saying is as it stands today, a judgment exists. Right? Okay. Thank you, Your Honors. Thank you both. The next case on the calendar is United States v. Bohannon.